# EXHIBIT B

# 合资合同

由

## MENG XIANBIN 先生

（甲方）

和

## 浙江巨化股份有限公司

（乙方）

签署

2018 年 2 月 28 日



# 目录

1.   定义和解释 .................................................................................................................. 2

2.   合资双方 ...................................................................................................................... 6

3.   合资公司的设立 .......................................................................................................... 6

4.   目的、目标、经营范围及合资期限 .......................................................................... 7

5.   投资总额和股本金 ...................................................................................................... 8

6.   证照 ............................................................................................................................ 12

7.   双方的责任和义务 .................................................................................................... 12

8.   股东会 ........................................................................................................................ 14

9.   董事会 ........................................................................................................................ 16

10.   运营和管理 ................................................................................................................ 18

11.   市场、销售和采购 .................................................................................................... 19

12.   不竞争，不招揽和不贬低 ........................................................................................ 20

13.   技术和知识产权 ........................................................................................................ 20

14.   劳动管理 .................................................................................................................... 21

15.   财务与会计 ................................................................................................................ 22

16.   乙方的其它权利 ........................................................................................................ 23

17.   陈述与保证 ................................................................................................................ 23

18.   终止、解散及清算 .................................................................................................... 24

19.   违约 ............................................................................................................................ 27

20.   保密义务 .................................................................................................................... 27

21.   不可抗力 .................................................................................................................... 28

22.   争议的解决 ................................................................................................................ 29

23.   其它规定 .................................................................................................................... 30

# 合资合同

本合资合同（以下简称为**"合同"**）由以下双方于 2018 年 2 月 28 日在浙江衢州签订：

(1)　MENG XIANBIN 先生，美国居民，护照号为 P503981640，其住址为 5814 Mariner Street, Tampa, FL 33609, USA（以下简称为**"甲方"**）；与

(2)　浙江巨化股份有限公司，是一家根据中国法律设立的股份有限公司，其注册地址为浙江省衢州市柯城区（以下简称为**"乙方"**）

甲方和乙方以下单独称为**"一方"**，并合称为**"双方"**。

**前言**

双方希望在美国佛罗里达州设立一家合资经营企业（"合资公司或公司"）以生产、经营致冷剂等相关产品。

双方有意根据本合同的条款就公司的设立、业务开展和日常运营管理等方面进行约定并据此进行合作。

经友好协商，按照平等和互惠互利原则，并依照适用法律，各方同意如下条款：

**1.　　定义和解释**

**1.1.　　定义**

除非本合同条款或上下文另有所指，下列用语的含义如下：

**关联方**　　　　　是指被一方直接或间接地控制、与该方受共同控制、或者控制该方的任何个人或法律实体；"控制"的含义是指对公司管理享有指令权、或者产生指令的权力，无论是以合同、具有投票权的股权或其它方式。为避免歧义，任何自然人的配偶、直系亲属及或其配偶的直系亲属均

为该自然人的关联方。为本合同目的，关联方除包括
BMP 以外，也包括 T.T International 公司。

**适用法律**    是指对本合同一方或本合同标的适用的法律、法规、规
章，以及立法、行政或司法机关颁布的通知、命令、决
定或其他公示文件。

**良好职业准则**    是指由董事会制定的、在从事董事和高管的职业活动中
必须遵循的，符合董事和高管职业特征的价值观念、行
为准则和规范。

**登记机关**    是指有权受理合资公司设立、变更之申请并核发登记文
件（如需要）的主管机关。

**公司章程**    是指由双方于本合同签署日同日签订的合资公司的公
司章程。

**主管机关**    是指任何政府部门，包括政府的行政、司法、立法部门
或政府所属的部门、委员会、机构、派出机构或其它授
权实体。

**工作日**    是指：

(a) 就在美国实施的任何行为而言，指美国境内公司通
常对外营业的任何一日，包括美国政府宣布为临时
工作日的星期六或星期日（"调休工作日"），但
不包括法定节假日以及调休工作日以外的星期六
或星期日；

(b) 就在美国境外的任何其它国家或者任何其它地区
实施的行为而言，则指在对在可适用的司法辖区
内，公司开展正常营运活动的任意一天。

| | |
|---|---|
| **商业计划** | 是指经公司董事会不时批准的合资公司的总体业务计划。 |
| **合资公司或公司** | 是指拟命名为 "iGasUSA Inc.",由双方依照本合同以及公司章程设立的一家合资企业。 |
| **保密信息** | 是指由任何一方（及其关联方）或合资公司的任何业务、市场、技术、运营或其它相关信息。在披露时，该等资料是被指明（或者类似于被指明）为保密的，在保密环境下披露的，或者将被双方基于合理的商业判断认定为保密的，特别包括下文定义的商业秘密。 |
| **注册会计师** | 一家知名且声誉良好的在美国开展业务的独立注册会计师事务所。 |
| **董事** | 由合资公司股东不时任命的公司董事会成员。 |
| **股权或股份** | 指根据公司设立当地适用法律、本合同及公司章程的规定，附于公司股本金上的所有法律及经济权利和利益。 |
| **出资证明** | 指根据第 5.4 条的规定，由合资公司向其股东签发的、证明该股东缴付出资的证书。 |
| **证照** | 指由任何有权机关在限定的时间内发放（无论是明示的行为还是虽没有行为但是应被认定给与）的与合资公司的设立、运营或者资产有关的任何赞同、注册、归档、同意、公证、证书、许可、审批、允许、授权或者豁免。 |
| **中国** | 是指中华人民共和国，为本合同目的，排除香港、澳门及台湾地区。 |

**商业秘密**　　　　指不为公众所知悉、能为权利人带来经济利益、具有实用性并经权利人采取保密措施的任何技术信息和经营信息。

**高级管理人员**　　指合资公司的首席执行官、销售总监、财务总监、人力资源总监和生产总监。

**知识产权**　　　　指在全球任何司法管辖区的任何知识产权，包括(i)专利、专利申请、发现和发明；(ii)商标、服务标记、商业装饰、商号、企业名称或网络域名，连同与之相关的所有商誉；(iii)版权；(iv)上述任何项目的注册和申请注册；(v)计算机软件；以及(vi)保密信息，包括专有知识和商业秘密。

**目标产品**　　　　指致冷剂及相关产品（包括发泡剂、推进剂、医用气雾剂、清洗剂、灭火剂等同类产品）。

目标业务　　　　　指研发、生产、采购、储存、运输和销售（代理或经销）目标产品。

BMP　　　　　　　指 BMP International, Inc.和/或 BMP USA, Inc.

1.2.　解释

本合同中提及任何适用法律、法规或任何其它法律性文件，或其项下的任何规定，包括其不时修订的版本。

1.2.1　本合同中提及的"人"根据上下文包括任何个人或实体（包括任何公司、商号或其他企业或实体、合资企业、机构、国家或政府部门）。

本合同中各款标题仅为方便查阅而设，对本合同的理解或解释并无影响。

本合同中提及的任何一方或任何合同、协议或文件的一方包括该方的继受者及其允许的受让人。

1.2.2   本合同中"包括"具有"包括但不限于"的含义。

2.   合资双方

(a)   甲方：MENG XIANBIN

国籍：美国

(b)   乙方：浙江巨化股份有限公司

乙方法定代表人或授权代表：雷俊

职位：总经理

国籍：中国

3.   合资公司的设立

3.1   双方特此同意，根据适用的法律法规和本合同的约定，起草合资公司的公司章程。本合同与公司章程规定不一致或发生冲突时，以本合同规定为准，双方应修改公司章程以使其与本合同规定一致；但合资公司设立地法律有强制性规定的除外。

3.2   公司名称

公司名称为：iGas USAInc.

3.3   公司注册地址

公司注册地址为：8105 Anderson Road, Tampa, FL 33634

3.4   C 型股份有限公司

合资公司的组织形式应为根据佛罗里达州法律成立的一家 C 型股份有限公司（C Corporation）。任何一方仅以其认缴的出资额所形成的股份为限对合资公司承担责任。合资公司应以其全部资产对公司的债务承担责任。

3.5    适用法律

合资公司是一家根据美国佛罗里达州法律合法成立的法人。合资公司受美国佛罗里达州相关法律的管辖和保护。合资公司所从事的一切行为和活动均须遵守美国佛罗里达州的相关法律。

3.6    公司设立与运营所需证照

下列有关公司设立与合资公司运营的许可或批复，应在指定期限内取得：

(i)    就合资公司设立而需在中国、美国及其他相关法域取得的批准或备案，应在公司设立前取得；

(ii)   根据美国适用法律，合资公司运营所需的证照，应在公司设立后 30 天内取得。

4.    目的、目标、经营范围及合资期限

4.1    合资目的

双方设立合资公司的目的是基于甲方在美国致冷剂及相关行业丰富的销售经验和能力、对行业趋势的深刻洞察能力和把握能力、已建立的覆盖范围广泛的客户群体和销售渠道、初步完善的混配设施和物流体系，同时基于乙方在致冷剂及相关行业强大的技术背景和团队、卓越的产业链优势和生产运营能力、充足的产能保障能力和良好的成本控制能力等优势，双方强强联合，拟在美国致冷剂市场进一步提升竞争能力、创造良好的经济效益。

4.2    合资公司目标

合资公司的目标是通过最大化发挥双方在产业和销售方面的优势，经过几年的迅速发展扩张，实现公司在美国资本市场上市、被乙方或其关联方并购或被第三方溢价收购，实现股东利益最大化。

4.3 经营范围

合资公司的经营范围包含：生产、采购、混配、储存、运输和销售致冷剂及相关产品（包括发泡剂、推进剂、医用气雾剂、清洗剂、灭火剂等同类产品）。

4.4 商业计划

合资公司的商业计划由董事会在考虑市场实际情况、员工的能力以及董事会认为重要的其他因素后确定。该商业计划可由董事会不时根据市场行情以及其他相关的情况予以扩大或缩小。

4.5 独立实体

合资公司作为一个独立的经济实体，自主经营并开展业务。

4.6 合资期限

除非双方另行协商确定，合资公司的合资期限（"合资期限"）为二十年，从合资公司设立之日起算。

5. 投资总额和股本金

5.1 投资总额

公司的投资总额为：USD$29,411,765（大写：贰仟玖佰肆拾壹万壹仟柒佰陆拾伍美元）。

5.2 股本金

公司的股本金（"股本金"）为：USD$29,411,765（大写：贰仟玖佰肆拾壹万壹仟柒佰陆拾伍美元），发行股份数为29,411,765股，均为普通股，每股价值为USD$1.00。

5.3   出资

(a)   甲方认缴的出资额为 USD$19,411,765（大写：壹仟玖佰肆拾壹万壹仟柒佰陆拾伍美元），持有合资公司发行的 19,411,765（大写：壹仟玖佰肆拾壹万壹仟柒佰陆拾伍）股，约占合资公司股本金的百分之六十六（66％），均以现金在公司成立日实缴出资。

(b)   乙方认缴的出资额为 USD$10,000,000 (大写：壹仟万美元)，持有合资公司发行的 10,000,000 (大写：壹仟万)股，约占合资公司股本金的百分之三十四（34％），均以现金在公司成立日实缴出资。

5.4   出资证明

董事会批准后公司出具股权证明书，证明双方出资对应的股份数。具体股权证明书内容将在公司章程中明确规定。

5.5   股权转让

5.5.1   除非本合同另有明确规定，在 2022 年 12 月 31 日之前，未经另一方事先书面同意，任何一方不得向第三方出售、转让、赠与或获益任何其他方式处置其持有的合资公司股份（"锁定期"）。锁定期后，除根据第 5.5 条规定的转让外，双方同意不以任何其他方式直接或间接出售、转让、或处置其股份。任何违反本条款和本合同其他要求的处置均无效。
为免歧义，第 5.5.4 条规定不受锁定期的限制。

5.5.2   优先购买权

(a)   限制。根据本第 5.5.2 条，任一方不得出售、转让或以其他方式处置（不论自愿或因合同或法律的实施）其股份，除非其已从拟购买股份（称为"待售股份"）的第三方（"购买方"）收到善意书面要约（"要约"），已确定购买价格并根据确定条款按美元计值，该要约应由购买方有效签署，并且在不早于要约期（定义见下文）届满后 90 日内不可撤销。在接受该要约前，出售股份的一方必须首先以该要约相同的价格和条款条件，以书面形式向公司（以及本合同确定的其他股东）要约。

(b)　披露。转让股份一方应向公司及其他股东披露上述要约的条款条件以及要约人的身份，包括拟收购的股份数、每股价格及总对价，并应以书面形式以相同条款条件向公司和其他股东要约通知转让待售股份（"要约通知"），该要约应为不可撤销，期限为该要约通知送达公司后九十（90）日（"要约期"）。收到该要约通知后，公司应在六十（60）日内（"首次要约期"）决定是否接受全部或部分待售股份的要约并提出相应履行。

(c)　股东权利。如果公司在首次要约期到期前不接受购买全部或部分股权的要约，则其他股东有权决定是否接受要约，并按照确定的价格和条款条件购买公司未接受购买的所有股权。其他股东应于首次要约期届满后三十（30）日内向公司（"第二要约期"）提出是否接受要约及相应履行。如公司及/或其他股东于要约期届满前未选择购买全部待售股份，则此要约将被视为否决。

(d)　按比例权利。如超过一名股东接受该要约，则各股东有权按其股份比例确定购买比例。

(e)　待售股份购买的交割。如果公司和/或其他股东接受要约而购买所有的待售股份，则应在要约购买后九十（90）日内完成待售股份的交割，或者如果更晚，按照要约中规定的交割日期。转让股份的一方、公司和所有受让股东应根据要约的条款和本 5.5.2 条的规定签署必要且适当的文件和文书，以完成购买待售股份。买卖股份的对价应按照第 5.5.4(b)条支付。

(f)　转让。如果要约结束时，公司及/或其他股东不接受要约购买所有待售股份，且在触发随售权（定义见下文）的情形下其他股东不行使第 5.5.5 条规定的随售权时，则转让股份的一方才可以，在要约期届满后的九十（90）日内，自由出售、转让或以其他方式向特定购买方根据要约价格和条款条件处置待售股份，受限于本合同第 17 条的规定。在该九十（90）日限届满后，待售股份将再次受制于本第 5.5.2 条的规定。

5.5.3　限制的放弃。无论是否有任何相反约定，一方可以在事先征得公司及所有股东书面同意下的情况下转让其股份。

5.5.4　强制转让

(a)　转让事件。为本合同之目的，任一下述事件可构成"转让事件"：

(i) 甲方作为公司高级管理人员被终止或以其他方式或因任何原因停止向公司提供服务或表达停止服务的意思；

(ii) 公司持续亏损三年以上；

(iii) 股东破产或股东拟为债权人利益作出转让，或由股东提交破产申请或对股东提出破产申请，或为股东指定接管人；或

(iv) 连续六个月未能就同一事项在公司股东会或董事会决议通过并将对合资公司的业务、资产或运营产生重大负面影响，且经股东双方高层协商未能解决的。

乙方可以在上述转让事件发生后通过向甲方（或其配偶或授权代表（视情况而定））发出书面通知（"要约通知"）的方式通知甲方，要求其购买乙方的全部股份（"转让要约"）。在收到要约通知的四十五（45）日内（"要约期"），甲方（或其配偶或授权代表（视情况而定））应通知乙方其是否接受转让要约的决定。如果甲方（或其配偶或授权代表（视情况而定））接受转让要约，则双方应尽最大努力尽快完成股权转让，且甲方（或其配偶或授权代表（视情况而定））购买乙方股权所应支付的价款应为公司指定的注册会计师依照国际通用会计准则评估确定的市场公允价格。

如果甲方（或其配偶或授权代表（视情况而定））拒绝转让要约或者甲方未能在收到出售要约通知的三十（30）日内予以回复，则双方将适用本合同第 17.1 条的规定。

(b) 支付方式。除本合同另有规定外，根据上述第 5.5.4(a)条确定的转让价格，应在要约期届满后三十个工作日（30）内，以全额现金支付。

5.5.5 随售权。如甲方意欲对外转让其持有的大多数股份（"转让"），则甲方应在该转让预计交割日前不少于三十（30）日向乙方发出书面通知（"转让通知"）。转让通知应包括：（i）甲方拟转让的股份数；（ii）转让的主要条件（包括该等股份拟转让的价格）及拟受让人身份信息；及（iii）拟转让股份数占甲方持有股份总数的百分比。乙方收到该转让通知后，应有权按甲方拟转让股份的同等比例（或少于该比例）向拟受让人转让其股份（"随售权"）。

(a) 乙方自转让通知送达起十（10）日内应向甲方送达其选择转让全部或部分股份的书面通知（"选择通知"），转让股份数不超过（x）甲方拟转让股份数/甲方持有股份总数的分数乘以（y）转让前乙方

持有的合资公司股份总数。该选择不可撤销，且双方应为尽快完成转让采取行动并签署必要文件。

(b)　　如拟受让要约股份的受让人拒绝根据本合同进行随售股份的受让，则甲方亦不能向该受让人出售其拟转让的股份。

(c)　　为免歧义，乙方不能就股份：（i）在向公司转让时行使随售权；或（ii）在根据本合同第 5.5.4 条进行股权转让时行使随售权。

6.　证照

6.1　运营所需证照

甲方应负责及时地办理与第 3.6 条项下（除(i)项下应由乙方自行办理的除外）规定的各项合资公司运营所需证照有关的一切申请或审批程序，由此产生的所有政府规费应由合资公司承担。乙方应及时给予所有必要协助，该等协助不得无理拒绝和延迟。

6.2　证照效力的维持

双方应促使合资公司在整个合资期限内采取所有必要措施并实施所有必要行为以维持合资公司获得的、与其设立、公司形式、有效存续及业务开展有关的所有证照保持有效。

7.　双方的责任和义务

7.1　甲方的责任和义务

除履行其在本合同项下的其他义务外，甲方还应负责以下事宜：

(a)　　协助合资公司取得所有证照，并毫不迟延地将其从主管机关获得的相关证照文件提供给乙方及合资公司；

(b)　　协助合资公司联络美国有关主管机关；

(c)　　自合资公司成立之日起，除允许在最长不超过 6 个月的期限内着手销售并处理其名下或关联方名下的与目标产品相关的存货（不包括空钢瓶和 BMP 为客户开发的特殊混配产品）外，应立即停止并确保其关联方停止从事目标业务，所有该类业务均应转移至合资公司



经营，甲方及其关联方今后不得通过新设、协议安排或其它方式在合资公司以外从事致冷剂及其同类产品的相关业务。合资公司成立后，甲方原则上应首先销售处理甲方关联方的存货。随着致冷剂等应用的更新换代，以上产品和业务的替代品也应在合资公司中经营，以保持合资公司的长期运行和发展；

(d) 将其原有目标产品的客户、渠道、品牌、团队等无形资产注入合资公司；

(e) 在合资公司成立后，将其或其关联方（为本条起见，不含 T.T. International）名下所有的与致冷剂经销相关的有形资产（包括土地厂房、车辆和设备等），以市场公允价格和条件租赁给合资公司使用；

(f) 在合资公司成立后的适当时机，将其或关联方（为本条起见，不含 T.T. International）名下的上述有形资产以及剩余的空钢瓶以市场公允价格和条件出售给合资公司，并协助办理各项过户手续，以确保合资公司合法拥有上述有形资产；并

(g) 根据其与合资公司另行签署的书面协议，处理合资公司不时委托的其他事项。

7.2 乙方的责任

除履行其在本合同项下的其他义务外，乙方还应负责以下事宜：

(a) 为合资公司提供优先产品保供、价格优惠等支持（优惠方式另行商定）；

(b) 积极开展以合资公司或股东双方另行组建的公司为主体在海外建设生产装置的工作，乙方将为海外建设运营 HFC-134a、HFC-32 和 HFC-125 生产装置提供生产技术及其授权许可，以及建设运营团队（团队的工资薪酬由被投资主体自行支付），并在海外装置被投资主体满足融资条件的前提下向该主体提供融资；乙方同时为合资公司在美国的分装及经销提供必要的技术支持；

(c) 协助合资公司在中国境内的设备、仪器、原材料和服务的采购（若需要）；

(d)　同意并促使合资公司以市场公允价格和条件承租并受让甲方或其关联方（为本条起见，不含 T.T. International）名下所有的与致冷剂经销相关的有形资产及剩余的空钢瓶；同意合资公司在半年内开展车辆及设备的收购；并

(e)　根据其与合资公司另行签署的书面协议，处理合资公司不时委托的其他事宜。

## 8.　股东会

### 8.1　普通决议

以下事项由合资公司的股东会以普通决议的方式通过：

(a)　审议批准董事会的报告；

(b)　审议批准合资公司的年度财务预算方案、决算方案；

(c)　为合资公司经营活动，设置担保金额不超过 100 万美元针对合资公司的资产设置的任何抵押、担保、留置或权利负担；

(d)　合资公司与任一股东、董事或其他关联方之间的单笔交易额不超过 30 万美元且年度交易额不超过 100 万美元的交易；

(e)　仅为公司经营需要且单笔金额不超过 50 万美元的固定资产购置；及年度累计不超过 50 万美元且单笔不超过 10 万美元的固定资产处置。

### 8.2　除非法律对表决权有更高比例的强制性要求，股东会的普通决议应经持有合资公司 51%及以上表决权的股东同意后方视为已经通过股东会批准。

### 8.3　高级决议

以下事项由合资公司的股东会以高级决议的方式通过：

(a)　合资公司章程的任何修改；

(b)　决定合资公司的经营方针、对外股权投资、商业计划及融资方案；

(c)  在合资公司成立之后发生的，合资公司股本金的任何增加/减少，合资公司的分拆、重组、整体转让或变更公司形式；

(d)  合资公司根据相关法律法规或本合同的约定需进行清算或解散而采取相关行动的决策；

(e)  为合资公司经营活动，设置担保金额超过 100 万美元针对合资公司的资产设置的任何抵押、担保、留置或权利负担，或为第三方提供任何形式的对外担保；

(f)  单笔金额超过 50 万美元的固定资产购置；

(g)  出售或处置合资公司拥有或实际上拥有的单笔超过【10】万美元或年度累计超过 50 万美元的资产；

(h)  审议批准合资公司的利润分配方案和弥补亏损方案；

(i)  合资公司与任一股东、董事或其他关联方之间的单笔交易额超过 30 万美元或年度累计交易金额超过 100 万美元的交易，但经公开招标程序确定的关联交易事项除外；

(j)  向第三方提供借款；

(k)  合资公司拟通过发债或在证券市场首次公开发行股份以募集资金；

(l)  审议批准合资公司经营管理层的年度考核方案及考核结果；

(m)  聘任或解聘合资公司的审计机构和董事，并决定其报酬事项；

(n)  对公司高级管理人员的考核体系及奖惩制度；

(f)  合资公司为经营需要设立分支机构；及

(g)  员工期权激励方案。

8.4  除非法律对表决权有更高比例的强制性要求，股东会的高级决议应经持有合资公司 70%及以上表决权的股东同意后方视为已经通过股东会批准。

8.5  股东会的召集

股东会应由董事长作为会议主席召集并主持。股东会每年至少召开一次，年度股东会应在合资公司财务报告审计后三个月内召开。第一次股东大会

应由公司持股最多的股东的代表召集并主持。股东可以书面授权的方式委派其他人代表其出席股东大会。

股东会决议的法定人数：除非法律对法定人数有更高的强制性要求，就普通决议而言，股东会的法定人数应为出席会议持股总和不低于70%当时已发行股份的股东。

8.6    书面决议和电话会议

受制于适用法律的规定，合资公司的公司章程应规定，股东可以不必召开股东大会就通过有效和具有约束力的决议（对于本合同第8.1款（普通决议）和8.3款（高级决议）），前提条件是(i)采用书面传签方式或以召集会议的方式进行表决的建议应获得董事长的批准；(ii)只适用于股东会以普通决议的方式通过的事项；(iii)所有股东以书面形式表示同意该决议。会议也可以通过电话形式合法地召集和举行，电话会议的表决机制将在公司章程中规定。

9.    董事会

9.1    董事会的设立

合资公司应设董事会，董事会由三（3）名董事组成，其中二（2）名董事由甲方委派，一（1）名董事由乙方委派。公司事务的整体控制和管理由公司董事会负责。

每一名董事任期三（3）年，经原委派方重新委派可以连任。一方有权自行决定更换其委派的任何董事。若某一董事因退休、辞职、生病、丧失行为能力或死亡、或者被撤换而导致该职位空缺，原委派该董事的一方应重新委派一位继任董事，其任期为该董事任期内剩下的时间。

董事长由甲方委派的一位董事担任。董事长为公司的法定代表人。当董事长因任何原因无法履行其职责时，董事长应依照本合同以及公司章程的规定在董事中指定授权代表临时履行其职责。

一方委派的董事必须为正直、诚信，并具有相应的工作经验的个人。董事应符合相关法律有关董事资格的规定。委派董事的一方应在委派或撤换董事时书面通知另一方。在签署本合同的同时，双方应书面通知对方该方所

委派的初任董事的姓名、职务以及国籍。每一位新董事候选人的履历以及资格情况的简介也应附于委派通知之后。董事会秘书应将委派董事或撤换董事的事宜在公司的记事簿中记录。

董事无需对其在履行职责过程中或执行董事会分配的任务过程中本着诚信原则实施的行为承担个人责任，但是该行为属于故意的不当行为、触犯相关法律、公司章程的行为和/或违反良好职业准则的除外。

### 9.2 董事会的职权

董事会有权决定公司相关的所有事务，但不包括本合同 8.1 条（必须由股东以普通决议决定的事务）和 8.3 条（需要股东表决批准高级决议的事项）规定需由股东决定的事项。

### 9.3 董事会会议的召集和表决

董事会每三个月召开一次，可以以各种形式召开。

凡出席人数（含通过视频方式出席）达董事会成员总数 2/3、且至少包含 1 名甲方董事和 1 名乙方董事，则满足董事会会议合法人数要求。若在董事会会议通知的会议时间后 1 小时内仍未满足合法人数要求，该会议将被延期 7 天举行，且第二次会议仍需至少 1 名甲方董事和 1 名乙方董事参加方满足合法人数。

当董事长不能召集会议时，或任意董事无法参见会议，他可以指定董事会中的一员作为他的代理人。代理人的投票将视为其自身的投票。为避免疑问，在适用的相同的时间，一个董事履行一个或多个董事代理人的行为不存在限制。

除非法律对表决权有更高比例的强制性要求，董事会决议应经所有参会董事表决通过方可批准。

### 9.4 书面决议和电话会议

受制于适用法律的规定，合资公司的公司章程应规定，董事会可以通过书面决议，前提条件是（i）采用书面传签方式或以召集会议的方式进行表

决的建议应获得董事长的批准；（ii）全体董事书面同意通过该决议。会议也可以通过电话形式合法地召集和举行，电话会议的表决机制将在公司章程中规定。

## 10.   运营和管理

### 10.1   管理制度

合资公司采取的管理体制为董事长向董事会汇报并在董事会的督导下工作，其它高级管理人员向董事长汇报并在董事长的督导下工作。在董事会的领导和掌控下，董事长应监督和掌控公司的所有资产、业务和事务。

### 10.2   高级管理人员和管理人员

管理人员应为人正直诚信，并有相应的专业资格及经验。首任董事长由甲方提名，高级管理人员设首席执行官（CEO）、销售总监、财务总监、人力资源总监、生产总监，首席执行官由董事长兼任，任期为四（4）年，可连选连任。管理人员设公司秘书、出纳，均由董事会任命。双方提名或免除有关高级管理人员时应充分考虑到另一方的意见。

董事长应就重大决策向各总监征求意见。总监应按照董事长的要求协助其开展工作。董事长和总监应全职履行各自的职责，除已明确向合资公司董事会报备在其或其关联方所担任的名义职位外，不得在任何其他经济实体中兼任董事长或总监。

### 10.3   董事长职责

董事长应负责执行董事会的决定，以及合资公司的日常运营和管理事项。董事长应向董事会负责，并根据董事会赋予他的权力履行职责。董事长有权自行雇用和解雇除合资公司高级管理人员之外的其他员工，并指定特定人员就公司经营状况向股东指定人员定期报备。董事长有权决定合资公司的内部运营结构，并应指派适当的部门经理/总监负责各自部门的工作。其他高级管理人员和前述被指派的各总监应向董事长报告工作，并在其监督和领导下工作。所有的采购订单、发票、合同、协议和其他对合资公司有约束力的商业和法律文件应根据授权体系批准并签署。

## 11.　市场、销售和采购

### 11.1　配额

如美国未来对 HFCs 产品实施配额制，合资公司设立前甲方及其关联方以其累积的销售量应获得的 HFCs 产品配额归甲方所有，合资公司设立后以合资公司名义累积销售量应获得的 HFCs 产品配额归合资公司所有。合资公司在经营中应优先使用合资公司拥有的配额，合资公司的配额用尽后方可使用甲方及其关联方的配额。当甲方及其关联方配额超出合资公司当年正常销售的需求时，双方应讨论合资公司是否就甲方及其关联方当年剩余的配额建立库存，若乙方不同意建立库存，则甲方及其关联方可自行在其剩余的配额范围内建立库存，但因其自行建立库存未来将与合资公司根据本合同规定发生业务冲突时双方需另行协商解决。甲方关联方在使用配额时应优先采购乙方的产品。

### 11.2　其他资产的利用

合资公司成立后，合资公司将以市场公允价格和条件租赁甲方或其关联方（为本条起见，不含 T.T. International）名下所有的与致冷剂经销相关的有形资产（包括土地、厂房、车辆和设备等）；

在合资公司成立后的适当时机，合资公司应以市场公允价格和条件收购甲方或其关联方名下的上述有形资产及空钢瓶。

### 11.3　市场和销售政策

董事长应负责制订合资公司的营销政策及策略，并报请董事会批准。合资公司的所有营销活动都应依照上述批准的营销政策及策略进行。

### 11.4　合资公司的产品和服务的市场

合资公司可以在美国境内，及在国际市场上出售合资公司的产品，并提供相关服务。

11.5 采购政策

合资公司应依照董事长不时制订并经董事会批准的采购政策，充分考虑产品的质量、数量、价格及运输条件等，采购其需要的设备、软件、材料、运输工具、办公用品及其他物品。

12. **不竞争，不招揽和不贬低**

甲方在此向乙方承诺并约定，除非乙方书面同意，在合资公司成立后，不会从事以下任何行为：

(a) 除合资公司的运营，直接或者间接、单独或与他人一起、或协助他人运营、经营、管理、控制或参与任何涉及目标产品的研发、生产、经销、推广或营销目标业务或与目标业务直接或间接竞争的任何业务，或在上述任何该等业务中拥有股权或有分享收益的权利；

(b) 直接或间接、单独或与他人一起、或协助他人，鼓励或者煽动：

(i) 乙方或公司与业务有关的任何客户、经销商或供应商拒绝与乙方或公司继续交易，或拒绝按照惯常与乙方或公司交易的标准条款进行交易；

(ii) 乙方或公司的任何董事、管理人员或员工不再为乙方或公司工作；

(c) 直接或间接、单独或与他人一起、或协助他人，以与乙方或公司相竞争的方式：

(i) 与乙方或公司与业务有关的客户、经销商或供应商进行交易、或寻求与之进行交易；

(ii) 聘用乙方或公司的任何董事、管理人员或雇员，或向其发出聘用要约，或招揽该等人士；

(d) 公开贬低或损害乙方或公司。

13. **技术和知识产权**

13.1 合资公司的知识产权

(a) 在合资公司日常经营活动过程中产生的或由合资公司开发的任何知识产权（由一方或第三方所有或许可的除外）应由合资公司所有。各方同意相互协作，促使合资公司的高级管理人员及其他工作人员



确立相应制度,对所有由合资公司雇员开发的相关知识产权均以合资公司的名义进行确定、申请及/或登记。

(b)    各方应尽力促使所有合资公司的雇员签署标准劳动合同,其中应包括惯常的、合理的及统一的竞业禁止及发明转让条款,以尽可能地确保在相关法律允许范围内,合资公司雇员的发明及与发明有关的所有利益均应归属于合资公司并且属于合资公司的财产。

## 13.2   商业秘密

在不影响上述规定的情况下,如果任何一方提供给合资公司或提供给另一方的载有商业秘密或保密信息的文件或其他媒介,应在文件或其他媒体中突出标记"严格保密,所含材料不得披露,未经允许不得复制或传送给任何第三方"或者其他类似标记。董事长负责建立适用于合资公司员工的、有关管理和保护商业秘密的内部规章。合资公司与员工签订的所有劳动合同均须设置有关保密义务和商业秘密的条款。

## 14.   劳动管理

14.1   有关合资公司员工的招聘、雇用、解雇、辞职、工资和福利,以及其他有关合资公司员工的事项,应由合资公司按照适用的法律和公司不时制定的政策自主决定,不受外来干涉。原甲方关联方 BMP 名下员工在符合合资公司要求的前提下全部转入合资公司。

14.2   董事长应根据合资公司的业务需求确定雇佣员工的资格和人数。合资公司聘任员工应与其签订集体劳动合同或个人劳动合同。

14.3   合资公司应根据有关劳动保护的适用法律确保安全劳动,文明作业。合资公司应按照适用的法律办理员工的强制性劳动和社会保险。

14.4   合资公司可采取期权激励措施,以累计总期权数不超过公司总股本(按增设期权前的总股本确定)的 10%为限,新增期权授予骨干员工,该期权无

投票权、不参与分红，仅在公司上市或被收购时兑现。骨干员工遴选条件和名单由每年股东会讨论确定。

15.　**财务与会计**

15.1　双方应各自尽其最大努力确保公司：

    (a)　保持适当的会计记录；

    (b)　在最大可能的范围内，避免其经营过程中的所有现金交易；一旦在例外情况下发生任何现金交易，该现金交易必须在公司账簿中适当体现，并有合法的收据和发票支持。

    (c)　在任何一方向公司发出合理的书面通知时，向该方提供其可能合理请求的报告和信息；

    (d)　允许每位公司董事在任何合理时间查阅这些会计记录；

    (e)　依照法律法规建立合资公司的财务、会计制度，并应当在每一会计年度终了时编制财务会计报告，并依法经注册会计师审计，并在与该年度财务会计报告有关的每个会计年度结束后的三个月内将每份年度账目的复印件送交双方。

15.2　双方应确保公司每一会计年度始于1月1日并止于12月31日。合资公司的第一个会计年度应从公司设立之日开始，截止于当年12月31日。

15.3　任一方，只要其持有公司至少10%的股权，应有权随时要求对公司的账本和账目进行审计。

提出审计要求的一方可选择由其自己的内部审计人员或自费聘请的独立注册会计师进行该等审计。公司及双方应给予该等会计师全面合作，该等会计师有权查阅公司的所有账本和记录。

15.4　**利润分配**

合资公司缴纳所得税后，董事会将按照法律，确定税后利润中提取盈余公积金、企业发展基金和法定公益金（用于员工奖励及福利基金）的分配方

案。

(a)　税后利润（扣除上款所述基金后）应按照双方的股权比例进行分配，除非股东会决定将税后利润再投资于合资公司。

(b)　如果合资公司上一年度有亏损，则本年度的利润应首先用于弥补亏损。在所有亏损弥补前，不得分配利润。合资公司留存的上年度未分配的利润，可与本年度的可分配利润一起分配，或者在弥补本年度损失后再进行分配。

利润将按照双方的股权比例进行分配。任何可分配股利应当在上一会计年度结束后的 90 天内付清。

## 16.　乙方的其它权利

16.1　乙方有权向合资公司派遣包括但不仅限于财务、技术及仓库保管等人员；

16.2　乙方有权通过定期报告或实时信息通道了解包括但不仅限于财务、客户、市场、库存等合资公司运营方面的信息。

## 17.　陈述与保证

17.1　相互陈述及保证

任何一方向另一方陈述与保证，其在本合同签订日时：

(a)　该方具备签订和履行本合同的充分权力、授权和批准；

(b)　本合同根据其条款构成该方具约束力的义务；

(c)　对本合同的签订和交付以及对其条款和规定的履行和遵循将不会造成或构成对任何（该方作为缔约方的或对该方有约束力的）协议或文件的违约，也不会违背或违反任何法律、法规或任何法院或政府机构的命令或禁令；且

(d)　其已经向另一方披露任何政府机关颁发的可能会影响其全面履行其在本合同项下义务及双方实现本合同目的的所有文件，并且其提供给另一方的文件不存在不实陈述、虚假陈述或误述或者遗漏。

17.2　甲方关于今后拟出售给合资公司的有形资产的声明、保证及承诺

(a) 甲方或其关联方对该类有形资产具有合法的、完全的所有权，并有权向公司转让该类资产；该等资产或与其相关的任何权利和利益，不受任何抵押权、质押权或第三人对于该类资产的权利主张的限制；公司于资产交付后将享有作为资产所有者应依法享有的一切权利，包括但不限于依法占有、使用、转让和处分该类资产的权利；该类资产并不会因任何适用法律或第三人的权利主张而受到没收或扣压，或者被施加以抵押、留置、质押和其他形式的负担。

(b) 截止资产交付日，甲方对于该类资产的权利行使不会侵犯任何第三人的专利权、版权、商标权或其他知识产权，并无任何第三人提出关于上述权利的权利要求；于资产交付日后，公司对于该类资产的权利行使将不会侵犯任何第三人的专利权、版权、商标权或其他知识产权。

(c) 甲方没有在该类资产上作出任何能够或可能导致在资产交付日后（含资产交付日）于资产上产生有利于第三人的抵押权、质押权或者其他权利和/或利益的任何协议、安排或承诺；

(d) 截至资产交付日，甲方没有获悉任何第三人就交付资产或其任何部分行使或声称将行使任何对该类资产有重大不利影响的权利；亦无任何直接或间接与交付资产有关的争议、诉讼或仲裁；不存在与交付资产相关的任何未缴纳或履行的税务负担和责任。

(e) 于资产交付日前（含资产交付日），该类资产处于良好的运作状态；甲方或其关联方已定期进行适当的保养及维护。

17.3   陈述及保证不实的后果

如果一方做出的上述陈述及保证的任何一项与实际情况有实质性不符，则构成该方实质性违约。


18.   终止、解散及清算

18.1   终止事件

本合同于合资期限届满之日终止。在本合同期限届满前，除本合同另有规定外，如果发生以下情形之一，本合同终止：

(a)     公司清算、解散或者无限期停业；

(b) 公司为债权人利益而执行一般转让，或指定接管人或受托人占有公司的财产和资产；

(c) 根据 1933 年证券法（经修订）表格 S-1 的登记声明，公司正式承诺公开发行普通股股票；

(d) 出售、转让或处置公司的全部或大部分财产或业务，或将公司与其他公司（非全资附属公司）合并，但不适用于专为改变公司住所目的而进行的合并；

(e) 持有超过 70%股份股东的书面一致同意；或

(f) 就任何一名股东而言，根据本合同的条款及条文，当该股东处置其拥有的全部股份后。

(g) 当发生以下情形时，一方（"**通知方**"）可随时向对方发出书面通知，表达其终止本合同的意向，并根据第 17.2 条终止本合同：

　　(i) 乙方未能顺利根据 5.5.4 向甲方转让股份；

　　(ii) 对方实质性违约或者实质性违反公司章程，且未在补救期（定义见下文）内对该违约予以补救；或

　　(iii) 对方破产，或者正在进行清算或解散程序，或者歇业，或者无力偿还到期债务；或

　　(iv) 不可抗力（定义见下文）事件或其影响持续超过六（6）个月，对合资公司的业务、资产或运营有重大负面影响，且双方无法达成一项公正的解决方案。

为免异议，任何一方发出表明终止本合同意向的通知这一行为本身并不构成本合同的终止。如果发生上述情况之一，则除享有其在本合同或相关法律下的权利外，有权发出终止合同意向通知的一方还有权中止履行其在本合同项下的义务，直到有关情况得到解决。

18.2　终止程序

(a) 如果通知方按照第 17.1（g）条发出表明终止本合同意向的书面通知，双方应在该通知发出后三十（30）日内进行磋商，以努力解决导致发出该通知的情形。如果双方未在此三十（30）日（或者双方

书面同意的延长期限）内达成双方满意的一致意见，通知方有权向对方发出书面通知终止本合同。

(b)　如果本合同终止，则董事会在有实际可能的情况下应尽早召开董事会紧急会议，双方应促使其指派的董事亲自、通过代理人或通过通讯设备参加该会议并在此次会议上投票赞成批准终止本合同的一致决议或以签署在董事间传阅的书面决议代替召开董事会会议（以适用者为准）。

(c)　在董事会批准终止本合同和合资公司解散后，董事会应向原登记机关提交一份解散申请。如果对方在终止和解散程序中不予合作，则在相关法律允许的情况下，通知方将有权单方向登记机关提交终止和解散申请。

(d)　在注册机构登记解散申请后，合资公司应按照相关法律规定的有关程序以及以下第 17.3 条的规定进行解散和清算。

## 18.3　清算

(a) 在解散申请按照第 17.2 条的规定得到批准和登记后的十五（15）日内，董事会应指定相关人士组成清算委员会，清算委员会有权在所有法律事宜中代表合资公司。清算委员会应按照适用法律以及本合同所规定的原则履行其职责。

(b) 清算委员会成员对合资公司承担委托责任，并且在履行其职责期间应全面遵守相关法律的规定。除非相关法律另有规定，清算委员会应在协商后以多数票赞成的方式做出决定。

## 18.4　各方持续的义务

以下各条款在本合同终止以及合资公司终止、解散、清算以及注销以后继续有效：第 9 条（董事会）（但仅就董事会被要求在本合同终止后和合资公司注销前采取的行动而言），第 12 条（不竞争，不招揽和不贬低），第 17 条（终止、解散及清算），第 18 条（违约）（但其效力仅限于本合同终止前发生的违约事件以及违反其他持续义务的情形），第 19 条（保

密义务），第 21 条（争议的解决），以及第 1 条（定义和解释）（在解释前述条款所需的范围内）。

## 19. 违约

### 19.1 违约补救措施

除本合同其他条款另有规定外，如果一方（"**违约方**"）未履行其在本合同项下任何一项主要义务或根本违反了本合同，则对方（"**受损害方**"）可：

(a) 向违约方发出书面通知，说明违约的性质以及范围，并且要求违约方在通知中规定的合理期限内（"**补救期**"）自费予以补救；并且

(b) 如果违约方未在补救期内予以补救（或者如果没有补救期，则在该等违约后的任何时间），则除享有相关法律项下的权利之外，受损害方还可就违约引起的直接和可预见的损失提出索赔。

## 20. 保密义务

### 20.1 保密义务

本合同任何一方对其获得的、或披露给其的另一方和合资公司的保密信息负有保密义务。在本合同期限内以及本合同终止后的二（2）年间，接受方必须：

(a) 对保密资料进行保密；

(b) 除本合同规定的使用目的外，不得将保密资料用于任何其它目的；并且

(c) 除为履行其职责而确有必要知悉保密资料的该方或其关联机构的雇员、该方代理、律师、会计师或其他顾问外，不得向任何人（个人或实体）披露保密信息，且上述人员须已签署书面保密协议（合称"允许披露方"）。

### 20.2 除外条款

上述第 19.1 条的条款对以下信息不适用：

(a)　　接受方有书面记录证明在披露方向其披露前其已经掌握；

(b)　　目前或将来并非由于接受方违反本合同而进入公有领域；或

(c)　　接受方从对该信息无保密义务的第三方获得。

20.3　资料返还

在合同期满日，或经披露方随时提出要求，接受方应(i)向另一方归还或经另一方要求销毁，包含另一方或合资公司保密资料的所有材料（包括其复印件），并且(ii)在另一方提出此项要求后十（10）日内向另一方书面保证其已经归还或销毁上述材料。

21.　　不可抗力

21.1　不可抗力的定义

"不可抗力"指超出本合同双方控制范围的，不能预见、不能避免或不能克服的所有事件，该事件使得本合同任何一方部分或者完全不能履行本合同。这类事件包括但不限于地震、台风、流行病、洪水、火灾、战争、罢工、暴动、政府行为、法律条文或者其适用发生变化，或者其他任何无法预见、避免或者控制的事件，包括在国际商务实践中通常被接受为不可抗力的事件。

21.2　不可抗力的后果

(a)　　如果发生不可抗力事件，一方在本合同项下的义务受不可抗力影响而造成的延误的，在延误期间自动中止履行该义务，并且其履行期限应自动延长，延长期间为中止的期间，且该方无须为此承担违约责任。

(b)　　提出受不可抗力影响的一方应及时书面通知对方，并且在随后的十五（15）日内向对方提供不可抗力发生以及持续期限的充分证据。提出受不可抗力影响的一方还应尽一切合理的努力排除不可抗力的不利影响。



    (c)      发生不可抗力，双方应立即进行磋商，寻求一项公正的解决方案，并且要尽一切合理的努力将不可抗力的影响降至最小。

## 22.    争议的解决

### 22.1  适用法律

本协议的订立、解释和执行，以及各方有关本协议的争议的解决均受中国法律法规的管辖。

合资公司的成立及其运行，应遵守美国佛罗里达州有关法律的规定。

本协议中与合资公司有关的事项，如果根据美国佛罗里达州有关法律的强制性规定必须适用美国佛罗里达州法律的，则仅在最少必要的范围内适用美国佛罗里达州法律。

### 22.2  仲裁

任何因履行本合同或者与本合同有关的争议应提交上海国际经济贸易仲裁委员会（上海国际仲裁中心，"SIETAC"）进行仲裁，以作为最终的解决，仲裁地点在上海。该仲裁应根据在申请仲裁时 SIETAC 届时有效的最新版本的仲裁规则进行，且仲裁的语言为中文。仲裁员应为三人。各方应在收到仲裁委员会的仲裁通知后十四日内指定一名仲裁员，而由双方指定的两名仲裁员应共同指定第三名仲裁员作为仲裁庭的首席仲裁员。如果在收到仲裁通知后二十八日内，一方未能指定其仲裁员，或双方指定的两名仲裁员未能对第三名仲裁员的指定达成一致，则该仲裁员应由 SIETAC 根据其仲裁规则指定。仲裁员不得是任何一方的现任或前任雇员、代理、顾问或律师。仲裁员可从仲裁委员会的仲裁员名单以外的人员中选任。仲裁裁决应基于仲裁员的多数意见并以书面形式做出。

### 22.3  权利和义务的持续

当某一争议发生并且正在通过友好协商或仲裁解决时，双方应继续行使其各自在本合同项下的其他权利，同时继续履行其各自在本合同项下的其他义务，但与争议事项有关的权利和义务除外。

23.    **其它规定**

23.1   **合同双方间的独立关系**

本合同任何条款均不应被解释为或默示为：

(a)    使任一方成为另一方的代理人（另一方事先书面同意的除外）；或

(b)    授权任一方承担另一方的任何费用或其他任何形式的义务（另一方事先书面同意的除外）。

23.2   **合同约束范围**

本合同对本合同双方及其各自合法的继任者和受让人均有法律拘束力并为其利益订立。

23.3   **修订**

本合同应经双方签署书面文件后方可修改；若相关法律另有规定，则须签署书面文件并取得相关登记机关的批准，本合同方可修改。

23.4   **通知**

(a)    本合同规定一方向另一方发出的通知或书面函件（包括但不限于本合同项下所有要约、书面文件或通知）均应以英文和中文制作，并通过以下方式送达相应一方：

(i)     当面递交；或

(ii)    专递信函；或

(iii)   传真。

(b)    在以下时间通知被视为已经送达：

(i)     如果以当面递交方式送达，送达指定地址并签署回执或其他送达证明之时；

(ii)　　如果是以专递信函方式送达，为递交日后的第五个工作日；
且

(iii)　　如果是以传真的方式送达，为发送传真方的传真机发送报告
确认书（表明已向相关传真号码发送完整的、未中断的传真）
上标记的日期的下一个工作日。

(c)　　在合资期限内，一方可随时根据第 22.4 条规定的方式通知另一方
变更通知送达地址。

甲方: MENG XIANBIN

通信地址：8105 Anderson Road, Tampa, FL 33634

电话：+1 (813) 443-0757

收件人：MENG XIANBIN

邮箱：Ben@BMP-USA.com


乙方：浙江巨化股份有限公司

通信地址：浙江省衢州市柯城区

电话：+86(570) 3097988

收件人：雷俊

邮箱：fhlj@juhua.com.cn


## 23.5　可分割性

本合同某一条款的无效不影响本合同其他条款的效力。


## 23.6　整体性

本合同及其附件（如有）构成双方就本合同标的达成的全部协议，并取代
双方之间此前就该标的进行的所有磋商、谈判以及达成的协议。

23.7   放弃权利

如果一方未能行使或迟延行使其在本合同项下的某些权利、权力或特权，不构成该方对此项权利、权力或特权的放弃，如果该方已经行使或者部分行使某项权利、权力或特权，并不妨碍其在将来行使其它权利、权力或特权。

23.8   费用

除本合同中另有约定，双方应各自承担其与本合同的制作、谈判及订立相关的律师或其他专业顾问费用，以及其因履行本合同各自义务而各自应缴纳的任何税款或费用。

23.9   附件

本合同的附件（如有）为本合同不可分割的部分，并且与本合同正文的条款具有同等效力。如果本合同正文的条款与附件有冲突，以本合同正文条款为准。

23.10  本合同自双方签署之日生效，以中文书就，一式拾份，甲方执贰份，乙方执捌份。

【以下无正文，为签署页】



- 33 -

*[签署页]*

兹证明，双方正式授权的代表已于本合同首页所载日期正式签署本合同。

**MENG XIANBIN**

本人签名：

**T.T International 公司**

签名：

姓名：　　张天骊

**浙江巨化股份有限公司**

签名：

姓名：　　童继红

职务：　　董事